# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No. 1:20-CR-00067-001** |
| Plaintiff, | : | |
| v. | : | **Judge Douglas R. Cole** |
| | : | |
| **DARRELL R. SEAY,** | : | |
| Defendant. | : | |

## SENTENCING MEMORANDUM OF DEFENDANT, DARRELL R. SEAY

Now comes Defendant, Darrell R. Seay, ("Mr. Seay"), by and through the undersigned counsel, and having reached a mutually beneficial agreement to resolve this case with the United States Attorney's Office (USAO) on behalf of the United States of America, hereby respectfully asks this Court to accept that agreement for the reasons set forth in the following Memorandum,

Respectfully Submitted,

/s/ *Michael K. Allen*
Michael K. Allen (0025214)
Attorney for Defendant
4010 North Bend Rd., Ste. 200
Cincinnati, OH 45211
(513) 321-5297
(513) 914-4901 Fax
mike@mkallenlaw.com

# MEMORANDUM

"[P]lea agreements are contractual in nature [and] [i]n interpreting and enforcing them, [the Sixth Circuit Court of Appeals] uses traditional principles of contract law…." *United States v. Lukse* (6th Cir., 2002), 286 F.3d 906, at 909 (citing *United States v. Robinson*, 924 F.2d 612, at 613 (6th Cir. 1991)). Such principles require that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." See *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). As intimated above, Mr. Seay and the United States have entered into an agreement whereby both parties can resolve this matter to their mutual benefit. Just as the United States will avoid a costly and inconvenient adversarial trial, Mr. Seay will avoid jeopardy on several additional counts all while still ensuring that justice is done. And while Mr. Seay accepts full responsibility for his actions and understands that it is this Court that will decide his fate, a significant part of the consideration he received for his plea herein was the USAO's further agreement that a sentence of 240 months is appropriate in this case. (See Plea Agreement, Doc. # 18). This is not meant to suggest that this Court cannot reject the parties' agreement, but is only meant to illustrate the intent of parties' agreement.

"[18 U.S.C. § 3553(a)] tells the sentencing judge to 'impose a sentence sufficient, but not greater than necessary, to comply with" the basic aims of sentencing[.]" *Rita v. United States*, 551 U.S. at 347-348 (2007); see also 18 U.S.C. § 3553(a) (setting forth those aims). Here, the parties agree that the Mr. Seay's offense was great. (See Statement of Facts, Doc. # 18, at Attachment A). So great in fact, that it carries a maximum potential sentence of life in prison. 21 U.S.C. § 841(b)(1)(C). However, the United States Sentencing Commission has determined that where an offender with zero criminal history points (like Mr. Seay) has a total offense level of 37 (again like Mr. Seay), an appropriate prison term would be from 210 to 262 months, (see

U.S.S.G. § 5A, Sentencing Table), and "the sentencing statutes envision both the sentencing judge and the Commission as carrying out the same basic § 3553(a) objectives." *Rita v. United States*, 551 U.S. 338, 348 (2007). Not coincidentally, the parties' proffered sentence of 240 months falls right in the middle of that range, albeit at the high end.

240 months is admittedly the statutory minimum period of incarceration to which Mr. Seay can be sentenced and for that reason, the guidelines admittedly adjust upward and advise that a lesser sentence would be inappropriate. See 21 U.S.C. § 841(b)(1)(c) and § 5G1.1(c)(2). Nevertheless, the parties, the sentencing statutes, and even the Sentencing Commission all seem to agree that a higher sentence in Mr. Seay's case would be greater than necessary. Although it is the statutory floor, 240 months began as the high end of the advisory middle ground and in any event, is the prison term that the parties herein have agreed is appropriate. For that reason, Mr. Seay respectfully requests that the Court accept the parties' agreement and accordingly ordered him to serve a term imprisonment of not less than, but not more than, 240 months.

Respectfully Submitted,

/s/ *Michael K. Allen*
Michael K. Allen (0025214)
Attorney for Defendant
4010 North Bend Rd., Ste. 200
Cincinnati, OH 45211
(513) 321-5297
(513) 914-4901 Fax
mike@mkallenlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Memorandum was electronically filed on the __ day of June 2021. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic filing system.

/s/ *Michael K. Allen*
Michael K. Allen