# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:20-CR-67-DRC |
| Plaintiff, | : | |
| v. | : | JUDGE COLE |
| DARRELL R. SEAY, | : | |
| Defendant. | : | |

## SENTENCING MEMORANDUM OF THE UNITED STATES

Comes now the United States of America, by and through undersigned counsel, and respectfully submits the following Sentencing Memorandum for the Court's consideration.

Respectfully submitted,

VIPAL J. PATEL
Acting United States Attorney

*/s/Jennifer K. Weinhold*
JENNIFER K. WEINHOLD (KY 93304)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: jennifer.weinhold@usdoj.gov

**MEMORANDUM**

The defendant, Darrell R. Seay, has entered a guilty plea to Count 1 of an eight-count Indictment, charging him with a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Distribution of a Controlled Substance Resulting in Serious Bodily Injury). The parties' Plea Agreement, if accepted, would require the Court to sentence the defendant to a term of imprisonment of 240 months, followed a term of supervised release to be determined by the Court, subject to all mandatory conditions the Court must impose. For the reasons stated herein, the agreed sentence is sufficient but not greater than necessary to achieve the statutory goals of sentencing and respectfully requests the Court accept the proposed binding Plea Agreement and sentence the defendant accordingly.

**I.     FACTUAL BACKGROUND**

On January 14, 2020, Cincinnati Police Department responded to triple, non-fatal fentanyl-laced heroin overdoses that occurred in Cincinnati, Hamilton County. The defendant was the individual who sold one of the victims the fentanyl-laced heroin just before all three victims ingested the substance and overdosed. The three victims overdosed on the defendant's product at the residence where he sold it (two in the house and one in the front yard). All three victims were administered Narcan at the scene, were transported to Mercy West Hospital and survived.

After this incident, a confidential source began working Hamilton County's Heroin Coalition and subsequently conducted five buy-walks of fentanyl-laced heroin from the defendant on various dates ranging from January 16, 2020 through February 17, 2020. After the last buy-walk, agents obtained a search warrant for the defendant's residence. When searched on February 21, 2020, law enforcement seized more than half a kilogram of cocaine, approximately 65 grams of fentanyl, more than $75,000 in U.S. currency, two semi-automatic pistols, and paraphernalia

indicative of drug trafficking, including digital scales. The guns were found in the wardrobe in the second-floor bedroom where the defendant and his wife sleep. In that wardrobe agents also found baggies of white powder individually wrapped into approximately 10-20 different bags of equal weight, indicative of further drug distribution to customers. Although the guns were not loaded, there were two loaded magazines in that same wardrobe that could properly attach to the firearms seized.

Following the investigation, the defendant was charged by Indictment with three counts of distribution of fentanyl resulting in serious bodily injury and two counts of fentanyl distribution in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), two counts of possession with the intent to distribute fentanyl and cocaine respectively in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and finally, possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 922(g)(1) (Doc. #3). The defendant's counsel timely notified the United States of his intent to enter a plea of guilty and the parties entered into a Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The Plea Agreement, if accepted, requires the Court to sentence the defendant to a term of imprisonment of 240 months followed by a term of supervised release to be determined by the Court, subject to all mandatory conditions the Court must impose. (Doc. #18 at ¶ 8). The parties agree that the defendant's sentence should be 240 months and this matter is now ready to proceed to sentencing.

II.     **SENTENCING GUIDELINE CALCULATION**

In fashioning its sentence, this Court should first consider the applicable advisory guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Id.*

The Presentence Investigation Report (PSR) calculates the defendant's advisory guideline imprisonment range as 240 months to 262 months, based on a total offense level of 37 and criminal history category I. (PSR at ¶ 115). Because the statutory minimum for the offense of distribution resulting in serious bodily injury is more than the advisory guideline range of 210 months to 262 months, the that statutory minimum sets the floor for the applicable guideline range. (*Id.*) The base offense level is 38 pursuant to U.S.S.G. § 2D1.1(a)(2) because the victims' use of the controlled substance distributed resulted in serious bodily injury or death. (PSR at ¶ 50). Additionally, probation calculated a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) because defendant possessed a dangerous weapon—in this case a firearm—in connection with the offense. (*Id.*). After acceptance of responsibility, the resulting adjusted offense level is 37.

The parties do not dispute the base offense level. However, the defendant objects to the PSR's inclusion of a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon in connection with the offense. The Government acknowledges that the parties did not consider application of the dangerous weapon enhancement under U.S.S.G. § 2D1.1 when engaged in plea negotiations because the parties were satisfied that the statutory minimum sentence of 240 months' confinement was sufficient but not greater than necessary to achieve the objections set forth in 18 U.S.C. § 3553(a).

Section 2D1.1(b)(1) provides for a two-level offense level increase where a drug trafficker possessed a firearm or weapon as part of the charged offense. The application note related to this enhancement makes clear that the Sentencing Commission thought it important to account for the increased danger of violence when drug traffickers possess firearms in connection with their trafficking. Furthermore, the commentary instructs that the "enhancement should be applied if the

weapon was present, unless it is ***clearly improbable***, that the weapon was connected with the offense."  (Application Note to U.S.S.G. § 2D1.1) (emphasis added).

The Government agrees that the two-level enhancement under U.S.S.G. § 2D1.1(b)(1) applies in this case, especially in light of the fact that defendant was actually charged with a violation of 18 U.S.C. § 924(c) (possession of a firearm in furtherance of drug trafficking) in Count 8 of the Indictment.  In articulating what might be a "clearly improbable" circumstance such that the enhancement would not apply the guidelines give the following example: "an unloaded hunting rifle in the closet."  Here, by contrast, the defendant had two semi-automatic pistols in his house along with two loaded magazines found in the same wardrobe as 10-20 individually wrapped baggies of equal weight that contained suspected fentanyl.  It was on that basis that the Government charged a violation of 18 U.S.C. § 924(c).  The firearms here are clearly connected to the defendant's drug trafficking and the enhancement was properly applied in the PSR.  The defendant's objection should be overruled.

**III.     18 U.S.C. § 3553(a) FACTORS**

The Court is required to impose a sentence that is sufficient but not greater than necessary. 18 U.S.C. § 3553(a).  In addition to considering the advisory guideline range, the Court is required to consider the sentencing factors outlined in 18 U.S.C. § 3553(a) before arriving at the final sentence. These factors include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> 
> (2) the need for the sentence imposed--
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> > 
> > (B) to afford adequate deterrence to criminal conduct;
> > 
> > (C) to protect the public from further crimes of the defendant; and

> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) . . . the sentencing range established . . . [by the Guidelines];
>
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the day of sentencing[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

At the outset, the Government points out that if the Court accepts the defendant's objection and refuses to apply the two-level firearm enhancement, the parties' sentencing recommendation is still 240 months. Rejection of the enhancement would cement the defendant's base offense level at 38 and, with acceptance, his adjusted-offense level would be 35. Given the defendant's criminal history category his exposure would be 168-210 months because this guideline range falls below the statutory minimum that minimum sets the floor for defendant's guidelines.

The nature and circumstances of this offense supports the parties' proposed 240-month custodial sentence. It is undisputed that the fentanyl-laced heroin that the defendant sold resulted in three different victims overdosing, requiring the administration of Narcan to arouse them back to consciousness. The circumstances surrounding the offense were particularly egregious because the customer who received the fentanyl-laced heroin ordered heroin from the defendant. S/he did not order fentanyl, nor did s/he know that what she received was heroin mixed with a controlled substance significantly more potent than heroin.

Furthermore, the defendant's history and characteristics present both aggravating and mitigating circumstances for the Court to consider. Most importantly, the defendant has prior drug convictions, coupled with a history of violence. The defendant has two prior convictions for

cocaine possession that were charged as trafficking offenses, but ultimately amended down. (PSR at ¶¶ 85, 87). These prior convictions, when viewed in conjunction with the current allegations, demonstrate the defendant's recidivist tendencies and—of chief concern to the Government— these prior convictions failed to adequately deter him from further such conduct. The defendant, moreover, has a disorderly conduct conviction from 2004 the circumstances of which are particularly aggravating: he choked his then-wife and mother of four of his children and punched her in the face. (*Id.* at ¶ 86). There can be no dispute that domestic abusers who possess firearms present a serious and lethal threat. The defendant's history of violence and propensity to carry and possess firearms are aggravating factors.

The Government, however, acknowledges the defendant's history also includes mitigating circumstances. Specifically, the Government recognizes the traumatic impact that the untimely death of not just one, but *two* of his brothers, must have had on him. (PSR at ¶¶ 98, 108). Struggling with the grief of losing his brothers in isolation was particularly traumatic for the defendant. The Government also notes that his father's verbal and physical abuse when he was a young boy undoubtedly had a traumatic and lasting effect on his life. (PSR at ¶ 100).

A 240-month custodial sentence—the statutory minimum—will provide adequate deterrence. It appears that although the defendant has quite a few prior convictions he narrowly escaped a countable criminal history and has never served for more than a year in prison. The statutory minimum sentence for the charged offense is substantial relative to the defendant's prior sentences and will serve as a deterrent for future criminal conduct. Moreover, the imposition of the 240-month mandatory minimum sentence reflects the seriousness of the offense, promotes adequate respect for the law, and will protect the public from the defendant's future crimes.

On balance, a sentence of imprisonment of 240 months accounts for the 18 U.S.C. § 3553(a) factors and is sufficient but not greater than necessary to achieve the statutory objectives. The defendant's history and characteristics are aggravating and the fact that his conduct resulted in three victims overdosing on fentanyl is indeed a serious and concerning given his prior trafficking history.  A lengthy 240-month custodial sentence months takes that into account.

IV.	CONCLUSION

For the reasons articulated above, the United States respectfully requests the Court accept the parties' binding Plea Agreement and sentence the defendant to a term of imprisonment of 240 months, followed by a term of supervised release to be determined by the Court, and a mandatory $100.00 special assessment.

Respectfully submitted,

VIPAL J. PATEL
Acting United States Attorney

/s/*Jennifer K. Weinhold*
JENNIFER K. WEINHOLD (KY 93304)
Assistant United States Attorney
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
Office: (513) 684-3711
Fax: (513) 684-6385
E-mail: jennifer.weinhold@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Government's Sentencing Memorandum was filed with the Court's CM/ECF System this day, July 1, 2021, which provides electronic notice to all parties.

/s/*Jennifer K. Weinhold*
JENNIFER K. WEINHOLD (KY 93304)
Assistant United States Attorney